UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JERVIS MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-156-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LEXINGTON-FAYETTE URBAN | ) | |
| COUNTY GOVERNMENT, d/b/a | ) | **MEMORANDUM OPINION** |
| LEXINGTON POLICE DEPARTMENT, | ) | **AND ORDER** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Defendant Lexington-Fayette Urban County Government, doing business as the Lexington Police Department, ("LFUCG") filed a motion to dismiss under Rules 12(b)(1), (3) and/or (6) of the Federal Rules of Civil Procedure, asserting that Plaintiff Jervis Middleton's claim for breach of contract is barred by sovereign immunity. [Record No. 8] The motion will be denied because the Kentucky General Assembly has waived sovereign immunity for breach of collective bargaining agreement claims.

**I.**

Middleton is a former employee of the Lexington Police Department. He was allegedly terminated for making hostile remarks about other officers and disclosing sensitive information about the Lexington Police Department to help protestors during the summer of 2020. [Record No. 1-1, pp. 50-51] Middleton contends that he did not disclose strategic plans, nor did he make any comments about officers which he was not permitted to disclose. [Record

- 1 -

No. 1-1, p. 51]  He filed a Complaint in the Fayette Circuit Court, which the defendants removed to this Court, asserting claims for hostile work environment, disparate treatment and impact, deprivation of Due Process, retaliation, unlawful discrimination, and breach of contract.  [Record No. 1-1]  The only relevant claim addressed in the current motion concerns the breach of contract claim (Count IV).  This count asserts that LFUCG breached the collective bargaining agreement between LFUCG and the Bluegrass Fraternal Order of Police.

The collective bargaining agreement, entered on July 5, 2016, states that LFUCG and the Bluegrass Fraternal Order of Police "agree upon the terms and conditions as hereinafter set out, concerning wages, hours and working conditions of certain employees of the Lexington Police Department."  [Record No. 10-4, p. 5]  The agreement further provides that, "[p]ursuant to KRS [§] 67A.6901 *et seq*., LFUCG recognizes the [labor union] as the exclusive collective bargaining representative of its sworn, non-probationary police officers holding the positions of Officer and Sergeant in the Police Department." [*Id*.]  Article 15 of the agreement sets forth the disciplinary procedures and rights of the accused officers.  [*Id*. at 39-45.]  Middleton was an employee subject to the collective bargaining agreement prior to his termination.

Middleton alleges that LFUCG breached the collective bargaining agreement by failing to follow the discipline procedures included in the agreement.  [Record No. 1-1, pp. 61-62]  LFUCG removed this matter to this Court and filed a partial motion to dismiss alleging that the breach of contract claim is barred by sovereign immunity.  [Record Nos. 1, 8]

**II**.

At the outset, the parties dispute which subsection of Rule 12(b) of the Federal Rule sof Civil Procedure would apply to a motion to dismiss based on a claim of sovereign immunity.  While courts have addressed sovereign immunity defenses under both Rule

12(b)(1) and 12(b)(6), it would appear that "[a] motion to dismiss on the basis that plaintiff's claim is barred by sovereign immunity is a motion to dismiss for lack of subject matter jurisdiction." *Sawyers v. United States*, No. 3:15-CV-00873-GNS-DW, 2016 U.S. Dist. LEXIS 171817, at *3 (W.D. Ky. Dec. 12, 2016); *see also Jones v. Hale*, No. 3:19-cv-00016-GFVT, 2019 U.S. Dist. LEXIS 78710 (E.D. Ky. May 7, 2019) (resolving a motion to dismiss under Rule 12(b)(1) when the defendant asserted that the plaintiffs' claim was barred by sovereign immunity).  The Supreme Court has stated that sovereign immunity is "jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001) (explaining that sovereign immunity is a challenge to the court's subject matter jurisdiction and the proper vehicle to challenge subject matter jurisdiction is Rule 12(b)(1)).  Based on the foregoing authorities, the undersigned concludes that a motion to dismiss alleging that a plaintiff's claim is barred by sovereign immunity is properly brought under Rule 12(b)(1).

A party can challenge subject matter jurisdiction under Rule 12(b)(1) in two ways: either through a facial attack or a factual attack. *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  An assertion of sovereign immunity constitutes a *factual* attack on the Court's subject matter jurisdiction. *CHS/Community Health Sys. v. Med. Univ. Hosp. Auth.*, No. 3:20-cv-163, 2021 U.S. Dist. LEXIS 47999, at *4-5 (M.D. Tenn. March 15, 2021).  The Court does not presume the plaintiff's factual allegations are true when reviewing a factual attack on the Court's subject matter jurisdiction. *Gentek Bldg. Products, Inc.*, 491 F.3d at 330.  Further, when "examining a factual attack under Rule 12(b)(1), the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Global Tech., Inc. v. Yubei (Xinxiang) Power*

*Steering Sys. Co.*, 805 F.3d 806, 810 (6th Cir. 2015).   The burden is on the plaintiff to prove that jurisdiction exists.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

### III.

Turning to the merits of the present motion, LFUCG contends that Middleton's breach of contract claim is barred by sovereign immunity.  [Record No. 8-2, p. 5]  It asserts that the only claims where the government has waived its immunity are KRS Chapter 334 claims. LFUCG also argues that individual police officers, like Middleton, are not actual parties to the collective bargaining agreement, so the waiver of immunity included in KRS § 67A.6908(3) does not allow him to bring a breach of contract claim.

The Court must address two issues in determining whether the plaintiff's breach of contract claim should be dismissed.  First, the Court must determine whether Middleton, as a beneficiary but not a party to the collective bargaining agreement, is entitled to bring a claim for breach of the collective bargaining agreement when the Kentucky Revised Statute providing a waiver of sovereign immunity for breach of collective bargaining agreements applies only to the parties to the agreement.  Second, the Court must consider whether LFUCG can benefit from the limitation of venue provision in the statute when the case was originally brought in the proper court and then LFUCG removed the matter.

Generally, the state, including consolidated city-county government schemes, is protected by sovereign immunity which shields it from suit unless the Kentucky General Assembly waives immunity.  *Ruplinger v. Louisville/Jefferson Metro Gov't*, 607 S.W. 583, 585 (Ky. 2020); *see also Ludwig v. Kentucky Dep't of Military Affairs*, No. 13-174-GFVT, 2015 U.S. Dist. LEXIS 8152, 2015 WL 351863, at *4 (E.D. Ky. Jan. 23, 2015).  The Court

will only find sovereign immunity waived "where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Withers v. Univ. of Kentucky*, 939 S.W.2d 340, 346 (Ky. 1997).

Here, the Kentucky Revised Statutes include a waiver of immunity for violations of collective bargaining agreements. KRS § 67A.6908(3). The statute provides that "suits for violation of agreements between an urban-county government and a labor organization representing police officers . . . may be brought by the parties to the agreement in the Circuit Court of the urban-county government." *Id.*

As LFUCG notes, when a federal court interprets state law, it applies the law of the state's highest court. *Herrera v. Churchill McGee*, 680 F.3d 539, 544 (6th Cir. 2012). And if the state's highest court has not ruled on the issue, the Court "must ascertain the state law from all relevant data, including the state's intermediate court decisions." *Id.* (citing *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 697-98 (6th Cir. 2006)). While the Supreme Court of Kentucky has not addressed the issue of whether the Commonwealth has waived immunity for breach of collective bargaining agreement claims brought by individual officers, the Kentucky Court of Appeals recently has allowed breach of collective bargaining agreements claims by individual officers. *See, e.g., Morton v. Louisville Metro Gov't*, No. 2020-CA-0098-MR, 2021 Ky. App. Unpub. LEXIS 94 (Ky. Ct. App. Feb. 5, 2021).

In *Morton v. Louisville Metro Gov't*, the Kentucky Court of Appeals concluded that a corrections officer who was a beneficiary, but not a party, to a collective bargaining agreement had standing to bring a claim for breach of a collective bargaining agreement because the agreement was intended to benefit employees, like him. *Id.* at *9-11. The court relied on the

doctrine of third-party standing to conclude that the plaintiff had standing because he was an intended beneficiary of the collective bargaining agreement. *Id*.

In another case, the Kentucky Court of Appeals reviewed a claim for breach of a collective bargaining agreement by a corrections officer and the labor union against the LFUCG, and relied, in part, on KRS § 67A.6908(3) to conclude that the court had authority to hear a claim for breach of the collective bargaining agreement. *Lexington-Fayette Urban Cty. Gov't v. Lowe*, No. 2019-CA-1815-MR, 2020 Ky. App. Unpub. LEXIS 780 (Ky. Ct. App. Dec. 4, 2020). It noted that "the provisions of KRS 67A.6908(3) declare expressly that an action for breach of agreements between an urban-county government and a labor organization representing corrections personnel may be brought by the parties to the agreements in circuit court." *Id*. at *24. By allowing the individual corrections officer to act as a plaintiff in the suit, it appears that the Kentucky Court of Appeals extended the waiver of sovereign immunity to individual employees who are intended beneficiaries of the collective bargaining agreements.

While LFUCG has argued that the Supreme Court of Kentucky likely would not follow cases from the intermediate appellate court, LFUCG has not provided any contrary authorities. At this time, the Court's best evidence of how Kentucky's highest state court would address the issue presented by the defendant's motion is the intermediate authority allowing individual officers to bring claims for breach of a collective bargaining agreement. Accordingly, KRS § 67A.6908(3), read together with the Kentucky Court of Appeals cases, indicate that the Kentucky General Assembly has waived immunity for breach of collective bargaining agreement claims brought by individual officers.

One more issue must be addressed.  Kentucky Revised Statutes § 67A.6908(3) requires that claims for breach of a collective bargaining agreement must be brought in the Circuit Court of the urban-county government (here, the Fayette Circuit Court).  And federal district courts have dismissed claims that are not brought in the proper court because the provision providing where the claims can be brought "operates as a specific limitation on the Commonwealth's waiver of immunity."  *S. Fin. Grp., LLC v. Kentucky*, No. 3:18-CV-415-CRS,  2019 U.S. Dist. LEXIS 80206, at *8-9 (W.D. Ky. 2019*); see also Appalachian Stream Restoration, LLC v. Kentucky*, No. 3:17-CV-103-GFVT, 2019 U.S. Dist. LEXIS 32979, 2019 WL 1005196, at *3 (E.D. Ky. Mar. 1, 2019) (dismissing a breach of contract claim against the Commonwealth because the claim needed to be brought in the Franklin Circuit Court).  This claim was originally brought in the proper court and LFUCG chose to remove the matter to this Court.  LFUCG cannot remove the matter from the proper court and then benefit from the limitation of venue provision in the statute.

Because the Kentucky General Assembly has waived sovereign immunity for breach of collective bargaining agreements, the Kentucky Court of Appeals has allowed individual officers to sue for breach of collective bargaining agreements, and LFUCG cannot benefit from the limitation of venue provision by removing the case to federal court, it is hereby

**ORDERED** that Defendant LFUCG's partial motion to dismiss [Record No. 8] is **DENIED**.

Dated: September 21, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky